IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC J. HERRHOLZ,

    Plaintiff,

CASE NO.: 3:21cv862-MCR-EMT

v.

Jury Demand Requested

TrillerNet (aka Triller Hold Co LLC)
a State of California Company
and FLIPPS MEDIA, INC.,
a State of Delaware Corporation, doing
business as iMediaShare, Defendant.
and its successor
    Defendants,

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, the Plaintiff, ERIC J. HERRHOLZ (Plaintiff), by and through the undersigned counsel, and files this Complaint against the Defendant*s* TrillerNet (aka Triller Hold Co LLC) a State of California Company and hereafter ("TRILLER") FLIPPS MEDIA, INC., a Delaware Corporation hereafter ( FLIPPS") which conducts business as "iMediaShare" ("Flipps"), and alleges as follows:


FILED USDC FLND PN
JUN 21 '21 AM 9:33

## JURISDICTION AND VENUE

1. This is an action for compensatory damages, punitive damages, and injunctive relief under Federal law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of jurisdiction between the parties and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. In addition, this dispute concerns federal questions of law pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff, ERIC J. HERRHOLZ, is a resident of the State of Florida and resides within the jurisdictional boundaries for this Court.

6. Defendant TRILLER is believed to be a State of California Company with its principal operations in the State of California and FLIPPS a Delaware for-profit corporation with its principal place of business in the State of New York. The Defendant FLIPPS MEDIA INC. also does business online as

iMediaShare. Both Defendants distribute their services and products over the internet throughout the United States and across the world.

7. That under a good faith belief and information Defendant TRILLER purchased the Defendant FLIPPS sometime in April of 2021.

## NATURE OF ACTION

8. This is a civil action by the Plaintiff against the Defendants for compensatory damages, punitive damages, and injunctive relief. Specifically, the Plaintiff seeks compensation for the Defendant's improper use of the Plaintiff's common law trademark and domain name, as well as the Defendant's unfair competition practices, cyberpiracy, deceptive practices, tortious interference with advantageous business relationships, and tortious interference with prospective business relationships. The Plaintiff is seeking *inter alia* compensatory damages, punitive damages, disgorgement of profits, injunctive relief for a domain transfer, and injunctive relief to prevent further trademark infringement.

## FACTUAL ALLEGATIONS

6. The Plaintiff, HERRHOLZ, is the owner of the internet domain, FIGHT.TV, as well as other related internet domain names with the .tv designation, which domains provide streaming video content and other similar content related to *inter alia* Mixed Martial Arts (MMA), Boxing, Kickboxing, Wrestling, and other

3

related sports content and combat sports content. The Plaintiff has operated FIGHT.TV since 2008, and the Plaintiff's services and products are distributed over the internet throughout the United States and across the world.

7. In operation of FIGHT.TV, the Plaintiff has contracted with various participants in the sports industries that participate in the type of combat sports found on FIGHT.TV. Since starting FIGHT.TV in 2008, the Plaintiff has grown his domain by actively providing content for FIGHT.TV and slowly growing viewership over the internet by consumers across the world. This growth of his website has increased the value of the Plaintiff's business significantly.

8. In or around January of 2017, the Plaintiff became aware of the Defendant, FLIPPS, through the use of FITE.TV, which is providing substantially identical services in the same stream of commerce as FIGHT.TV.

9. In addition, other participants in the combat sports world, the sports industry in which FIGHT.TV operates its core business, have brought the existence of FITE.TV to the attention of the Plaintiff, as these participants were confused about with whom they were dealing due to the similarities between the domain names. This confusion is ongoing and has recently occurred again including but not limited on or about November 28, 2020 (Mike Tyson vs. Roy Jones Jr.) and again on April 17, 2021 (Jake Paul vs. Ben Askren).

10. In addition, promoters, consumer customers, viewers, and other consumers of the content on FIGHT.TV have also become and continue to be confused about the operation of FIGHT.TV versus FITE.TV, and have become confused with whom they were actually dealing. This confusion is also ongoing.

11. That at times complaints regarding the services on the FITE.TV site have been directed at FIGHT.TV and of such a nature it is damaging FIGHT.TV's reputation and good will.

12. Due to the diminished value of FIGHT.TV is due to the existence of FITE.TV, which was created to be similar to FIGHT.TV and to syphon viewers away from FIGHT.TV, the Plaintiff's business has suffered extensive damages. This is primarily due to the loss of promoters, content providers, viewers, advertising dollars, and the loss of merchandising opportunities offered through FIGHT.TV.

13. Upon good faith information and belief, the Plaintiff asserts that the Defendants were aware of the Plaintiff's domain name of FIGHT.TV and that the Defendant willfully, knowingly, and intentionally registered the domain name of FITE.TV to market a substantially similar service and product with the intention of causing confusion amongst consumers and the Defendants continue to do so.

14. Upon good faith information and belief, the Plaintiff asserts that the Defendants employs an internet marketing tool, known as "media tagging," to "tag" their website with the similar media tags as would be found on FIGHT.TV. For

5

example, the wording "FIGHT.TV," and other derivatives thereof, has been media-tagged by the Defendants so that an internet search of the phrase "Fight TV" will lead search engines to provide their website instead of the Defendant's. The ultimate result of this is that a consumer who searches for "Fight.TV" on an internet search engine, such as Google or Bing, will received results that will direct them to FITE.TV instead of to FIGHT.TV. This is further evidenced by the following non-exclusive factors:

   a. The use of the language "Fight.TV" in the Defendant's web content on FITE.TV in various forms;

   b. The use of the language "Fight.TV" on FITE.TV in various forms attached to text messages and/or emails;

   c. The use of the language "Fight.TV" in the Defendant's web content on FITE.TV in its advertising as indicated on their site as "partners," on the website;

   d. Using advertising placement and search engine optimization so that a search for "FIGHT.TV" on an internet search engine, such as Google, will show FITE.TV as the first result being listed due to advertising prioritization. Attached hereto is Exhibit "A," which is a screenshot showing the results of a search for "Fight.TV" with the results for FITE.TV at the top.

15. The Plaintiff has a common law trademark claim to the name FIGHT.TV, which claim is superior to that of the alleged Defendant's common law trademark claim asserted as to FITE.TV.

16. That with the advent of voice and other commands on various equipment that allows access to the internet people searching using the voice prompt or other corrective features for FITE.TV are directed to FIGHT.TV, which is causing confusion and at many times result in complaints to FIGHT.TV for serves it did not even sell, but were rather sold by FITE.TV. These Further harms FIGHT.TVs reputation, name and good will.

17. The Plaintiff asserts that, good faith upon information and belief, the Defendants knowingly and intentionally registered the domain name of FITE.TV to market the substantially similar content and services as the Plaintiff's website, knowing that it would cause confusion amongst consumers as to the name of FIGHT.TV due to the phonetic similarity between the domain names, and with the intention to reroute and otherwise syphon viewers and consumers of FIGHT.TV to FITE.TV.

18. The Defendants knew and continue to know that the issues of confusing similarity between FIGHT.TV and FITE.TV was present upon their attempt to register its trademark for FITE.TV through the United States Trademark Office.

Upon application for the registration of its domain name, the Defendant's registration was denied and the Defendant, FLIPPS, was advised the following:

> Additionally, the word FITE in applicant's mark and FIGHT in the registrant's mark are essentially phonetic equivalents and thus sound similar. Similarity in sound alone may be sufficient to support a finding that the marks are confusingly similar.

19. The Plaintiff has previously made demands for the Defendant to cease and desist the use of the website and domain name, FITE.TV, and the Defendants have failed and refused to do so. Plaintiff from time to time by other means has informed the Defendants about the issues the use of FITE.TV is causing on the operations of FIGHT.TV.

20. The Defendant's continued and ongoing use of FITE.TV and its refusal to cease and desist its use of the same has detrimentally affected and harmed the Plaintiff's business and such harm is ongoing.

## COUNT I – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, § 501.201, *et seq.*, Florida Statutes

21. The Plaintiff adopts and re-alleges his allegations in paragraphs 1-20 herein.

22. Defendant's actions set forth herein constitute unfair competition under the common law and under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), § 501.201, et seq., Florida Statutes.

8

23. At all times material hereto, the Defendants have engaged in "trade or commerce" as that term is defined by § 501.203(8), Florida Statutes.

24. At all times material hereto, the Defendant directly or indirectly advertised, solicited, provided, offered, and/or distributed its goods and services to consumers in the State of Florida.

25. Accordingly, the Defendants are subject to FDUTPA.

26. The Defendant's actions and conduct constitute a deceptive and unfair acts and practices in the conduct of any trade or commerce.

27. The Defendant's actions and conduct constitute unfair practices, in that the injuries caused by the same to the Plaintiff are substantial, not outweighed by any countervailing benefits to consumers or competition that the practice produces, and causes an injury that consumers themselves could not have reasonably avoided.

28. The Defendant's actions and conduct constitute representations, omissions, or practices likely to mislead consumers, even though consumers are acting reasonably under the circumstances, and the Defendant's representations, omissions, or practices is material or likely to affect the consumer's purchase and use decision.

29. The Florida Legislature intended that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the

federal courts relating to the ...Federal Trade Commission Act." § 501.204(2), Fla. Stat.

30. All FDUTPA provisions are to be "construed liberally" to promote the protection of the public and of legitimate business enterprises from those who engage in unfair, deceptive, or unconscionable methods of competition, acts, or practices in the conduct of any trade or commerce. § 501.202, Fla. Stat.

31. Accordingly, the Defendant's actions, conduct, and practices were unfair and deceptive in violation of FDUTPA.

32. As a result of the Defendant's actions, conduct, and practices, the Plaintiff has been damaged, and such damage is ongoing in nature.

33. The Plaintiff does not have an adequate remedy at law.

## COUNT II - *PER SE* FDUTPA VIOLATIONS BASED ON VIOLATIONS OF FLORIDA CONSUMER PROTECTION LAWS

34. The Plaintiff adopts and re-alleges his allegations in paragraphs 1-33 herein.

35. The provisions of § 501.203(3)(c), Florida Statutes, establishes that a violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices, is also a violation of FDUTPA.

36. The provision of §495, *et seq.*, Florida Statutes, prohibits the use or registration of a trademark or service mark which would cause the likelihood of confusion, mistake, or deception.

37. The provisions of § 495.131, Florida Statutes, states that any person who infringes on a mark shall be liable in a civil action by the owner of such mark for any and all remedies available in § 494.141, Florida Statutes, including those remedies under § 495.131(2), as the acts of the Defendant have been committed with knowledge that the Defendant's mark would cause confusion or mistake or deception.

38. At all times material hereto, the Defendants, directly and indirectly, and with knowledge that the use of their website would cause confusion or mistake and/or would deceive consumers, operated FITE.TV.

39. The provisions of § 495, *et seq.*, Florida Statutes, is *inert alia* a consumer protection law that proscribes deceptive acts or practices. Accordingly, the Defendant's violations of § 495, *et seq.*, Florida Statutes, constitutes *per se* FDUTPA violations.

40. Both Defendant's aforementioned acts, conduct of infringement and interference was and continue to be a willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

## **COUNT III – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125.**

40. The Plaintiff adopts and re-alleges his allegations in paragraphs 1-40 herein.

41. Upon information and belief, the Defendants have, in connection with their goods or services, used in commerce the Plaintiff's words, marks, symbols, and/or names, as well as combinations thereof, and have made false or misleading descriptions of fact, or false or misleading misrepresentations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation of the Defendants with the Plaintiff's website, service, and goods.

42. Upon information and belief, the Defendants have, in connection with their goods and services, used in commerce the Plaintiff's words, marks, symbols, and/or names, as well as combinations thereof, and have made false or misleading descriptions of fact, or false or misleading misrepresentations of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, and/or geographic origin of Defendant's goods or services.

43. Upon information and belief, the Defendants have and had a bad faith intent to profit from the similarity between its own site and that of the Plaintiff.

44. The Defendants have registered, trafficked in, and used a domain name, FITE.TV, that is confusingly similar to the Plaintiff's website.

45. Upon good faith information and belief, the Defendants has no trademark or other intellectual property rights in FITE.TV.

46. Upon good faith information and belief, the Defendants has not had any prior use of their domain in connection with the bona fide offering of any goods or services prior to FIGHT.TV.

47. Upon good faith information and belief, the Defendants intended and continue to divert, promoters, consumers and other customers or content providers from the Plaintiff's website to their own site, that could hard the goodwill presented by the Plaintiff's website, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

48. The Defendant has no reasonable grounds to believe that their use of FITE.TV domain name was a fair use or otherwise lawful.

49. The Defendant's acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to the Plaintiff's business, reputation, and goodwill. The Plaintiff has not adequate remedy at law.

50. As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered damages to his business and website, in an amount to be proven at trial.

51. The Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable

attorney's fees under 15 U.S.C. §§ 1125(a), 1125(d), 1116, and 1117, and is further entitled to have the domain name of FITE.TV transferred to it under 15 U.S.C. § 1125(d)(1)(C).

## COUNT IV – TORTIOUS INTERFERENCE

52. The Plaintiff adopts and re-alleges his allegations in paragraphs 1-33 herein.

53. The Plaintiff has an advantageous business relationship and/or the potential for such a relationship with another party.

54. In addition, the Plaintiff has a contractual business relationship and/or the potential for such a relationship with other parties.

55. The Defendants knew about the Plaintiff's relationship.

56. The Defendants intentionally and unjustly interfered with or otherwise disrupted the business relationships with others.

57. As a result of the Defendant's conduct, the Plaintiff has been damaged.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following of this Court:

a. Enter judgment that the Defendant willfully counterfeited the Plaintiff's website in violation of § 1114 of Title 15 of the United States Code; willfully infringed the Plaintiff's website and marks in violation of § 1114 of Title 15 of the United States Code; willfully used false designations of origin/unfair competition in violation of § 1125(a) of Title 15 of the United States Code; and committed cyber piracy under § 1125(d) of Title 15 of the United States Code;

b. Enter a preliminary and permanent injunction against further infringements, false designation of origin, and unfair competition of the Plaintiff's website by the Defendant and its officers, agents, servants, employees, representative, and attorneys, and all others in active concert or participation with any of them;

c. Award the Plaintiff the Defendant's profits, damages sustained by the Plaintiff, the costs of this action, enhanced damages, and reasonable attorney's fees to the Plaintiff based on Defendant's violations of 15 U.S.C. §§ 1114 and 1125;

d. Pursuant to 15 U.S.C § 1117(c)(1) and (2), enter an award of statutory damages per counterfeit mark per type of goods or services sold, offered for sale, or distributed, including as the same was willful on the part of the Defendant;

e. Order the domain name of FITE.TV to be transferred to the Plaintiff; and

f. Grant the Plaintiff such other further relief as this Court deems proper.

Respectfully submitted,

Plaintiff Eric J. Herrholz

Date: 6/21/2021

By: /s/ Eric J Herrholz

Plaintiff: ERIC J. HERRHOLZ

3311 Gulf Breeze Parkway #169

Gulf Breeze Florida, 32563

Phone Number: 850-417-6500

Email: Eric@fight.tv