IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ERIC J. HERRHOLZ,**

      **Plaintiff,**

v.                                               Case No. 3:21-cv-00862-MCR-EMT

**FLIPPS MEDIA, INC.,**
**a Delaware Corporation,**

      **Defendant.**

_____/

## **REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Plaintiff, Eric J. Herrholz, and Defendant, Flipps Media, Inc., by their respective undersigned counsel, pursuant to the Court's Initial Scheduling Order (Doc. 25) and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this joint report of their attorney conference and request the Court enter a scheduling order as set forth herein:

1.    **Conference**.  The Parties conducted a telephone conference on January 26, 2022, and included the following participants:

      Stuart A. Peterson and John R. Zoesch III, Counsel for Plaintiff.

      Michael F. Sarney, Counsel for Defendant.

2.    **Initial Disclosures**.  The Parties propose to exchange the information required by Rule 26(a)(1) on or before February 15, 2022.

3.  **<u>Discovery Plan</u>**.  The Parties jointly propose to the Court the following discovery plan:

    a.    Discovery will be needed by each party on the following subjects:

        (1)    All aspects of the Complaint filed by Plaintiff; and

        (2)    All defenses to be set forth by Defendant in its Answer and Affirmative Defenses, once filed.

    b.    The parties have already commenced discovery.

    c.    All discovery shall be commenced in time to be completed by August 15, 2022.  The parties request this extension to the Court's proposed discovery deadline because of the complexity of the issues involved in this case, scheduling issues of counsel over the next several months, as well as significant recent (and therefore expected future) delays with communication and responsiveness on various matters experienced by counsel due to ongoing COVID-19 related issues.  In addition, Defendant's motion to dismiss remains pending, and a future Answer and Affirmative Defenses filed by Defendant would likely require additional discovery conducted by the parties.

  d. The number of interrogatories by each party to any other party shall be limited to 30. The parties agree that each such interrogatory will be considered a single interrogatory and not comprised of discrete subparts.

  e. The number of depositions is limited to 6 per side without leave of Court, unless additional depositions are agreed upon by the Parties.

  f. Each deposition shall have a time limit of 7 hours without leave of Court, unless the Parties agree otherwise.

  g. Disclosure of identity of and reports from Plaintiffs' retained experts under Rule 26(a)(2) shall be due May 2, 2022. Disclosure of identity of and reports from Defendants' retained experts under Rule 26(a)(2) shall be due June 2, 2021. Disclosure and identify of any rebuttal experts and/or rebuttal reports from Plaintiff shall be due July 5, 2021.

  h. Supplementation under Rule 26 shall be due as soon as reasonably feasible and as warranted pursuant to Rule 26(e).

  i. Disclosure or discovery of electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure and as follows:

(i) Absent a showing of good cause, disclosure and production shall be limited to data that is reasonably available to the parties in the ordinary course of business and neither party shall be required to produce back-up or historic legacy data;

(ii) Neither party is required to create new backup tapes of electronic sources after the date of this Joint Report other than as created in the ordinary course of business, except to the extent new or revised information concerning the subject matter of this action is created in electronic form after the date of Joint Report, and the parties have not provided hard or electronic copies of the new or revised information to the opposing party.

(iii) The parties will take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

j. The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

(i) Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privilege nor result in a subject matter waiver of any kind. However, the disclosure of any particular material shall cease to be "inadvertent" if the producing party does not request the return of privileged or protected material within three (3) days of being notified of such disclosure by the receiving party that it has received material believed to be privileged or protected;

(ii) The parties shall return any privileged material inadvertently disclosed immediately upon notice of the inadvertent disclosure; and

(iii) No copies will be made of any inadvertently disclosed materials and any copies of inadvertently disclosed materials made before a party's notification of an inadvertent disclosure will be destroyed at the time of the request for the return of such materials.

4. **Dispositive Motions.** Dispositive motions shall be filed on or before September 15, 2022. Any response brief shall be filed no later than 21 days after the

service of any dispositive motion.  Any reply brief shall be filed no later than 14 days after the service of the corresponding response brief.

    **5.**     **Other Items.**

        a.     The Parties do not request a Rule 16 scheduling conference with the attorneys and any unrepresented parties present before the Court before entry of the Final Scheduling Order.

        b.     The Parties request a pretrial conference as soon as practicable after rulings on dispositive motions and mediation has occurred and to address any of the matters set out in Rule 16(a), (b), and (c), Federal Rules of Civil Procedure.

        c.     The Parties have conferred regarding potential resolution and early mediation possibilities.  The parties are exploring potential avenues to resolve this matter and are open to early mediation.

        d.     The parties should be allowed until May 16, 2022, to join additional parties and amend the pleadings or unless any party files an objection or request for a different schedule.

        e.     This case should be ready for trial as soon as the court directs and the jury trial is expected to take approximately 3-5 days, including jury selection. The parties expect that this case will be no later than nine (9) months after the date of this report, due to

the complexity of the issues at bar as well, the procedural history to date, the reasons expressed for the proposed discovery deadline, as well as other expected scheduling and COVID-19 related issues.

f. The Parties have discussed magistrate judge jurisdiction.

**6. Nature of Claims and Defenses.**

a. Plaintiff's Position:

Plaintiff contends that he owns enforceable rights in his mark FIGHT.TV in connection with presenting sports content through the streaming and presentation of live videos and other content. Plaintiff's mark is distinctive and he has used and promoted the mark in commerce since 2008. Plaintiff has provided his services in connection with the FIGHT.TV mark primarily through his website and social media pages for a number of years, including as early as seven years prior to Defendant's initial use of the terms FITE.TV and FITE TV. Plaintiff alleges that Defendant has infringed his mark through its use of those terms in connection with providing the same or similar services to Plaintiff.

Plaintiff has set forth claims for violation of the Anti-Cybersquatting Protection Act, unfair competition under both federal and Florida law, and violation

of the Florida Deceptive and Unfair Trade Practices Act. Plaintiff seeks injunctive relief, actual damages, and disgorgement of profits.

    b. <u>Defendants' Position</u>:

Ownership of a protectable right is essential to each of plaintiff's claims. Plaintiff, however, does not own protectable rights in the term "fight.tv" because such term is descriptive of plaintiff's services, which are the provision of online streaming of live and/or recorded mixed martial arts, boxing, kickboxing, wrestling and other forms of combat sports, and because plaintiff's use of such descriptive term had not acquired secondary meaning prior to defendant's registration and use of the domain name fite.tv. The term "fight.tv" therefore does not serve as a source indicator for plaintiff's services, and plaintiff therefore does not own any protectable rights. Furthermore, plaintiff does not and cannot own exclusive rights in the term "fight.tv," as a third party owns a Federal trademark registration for the mark FIGHT, for use in connection with the same and/or related services that plaintiff provides. Further, even if plaintiff does own protectable and enforceable rights in the term "fight.tv," plaintiff's claims are barred by laches and/or other equitable defenses, due to plaintiff's delay in enforcing his alleged rights. Finally, even if plaintiff were to prevail on his claims, he has not suffered any damages. As this is a preliminary position statement, Defendant anticipates discovering additional

defenses and arguments as the case proceeds, and therefore does not waive any defenses, arguments, or positions through this statement.

Respectfully submitted this the 9th day of February, 2022.

/s/ Stuart A. Petersen
**STUART A. PETERSEN**
Ardc#620-5815
stufight63@gmail.com
**RUDDY & PETERSON LAW GROUP, LLC**
2631 Ginger Woods Parkway #101
Aurora, IL 60502
Tel: (630) 820-0333
*Admitted Pro Hac Vice*

/s/ John R. Zoesch III
**JOHN R. ZOESCH III**
Fla. Bar No.: 0045257
jrz@beggslane.com
**W. LEE ELEBASH**
Fla. Bar No.: 74737
wle@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
Tel: (850) 432-2451
Fax: (850) 469-3331

*Attorneys for Plaintiff Eric J. Herrholz*

/s/ Michael F. Sarney
**MICHAEL F. SARNEY**
michael.sarney@myerswolin.com
**MYERS WOLIN, LLC**
100 South Jefferson Road, Suite 202
Whippany, New Jersey 07981
Tel: (973) 828-1289
*Admitted Pro Hac Vice*

*Attorney for Defendant Flipps Media, Inc.*